UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Lloyd D. Myers, ) | Civil Action No.: 5:06-3169-RBH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| Sara Lee Corporation; and ) | |
| Earth Grains Baking Companies,Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981 alleging disparate discipline and termination on the basis of race.

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

In conducting its review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

**Report and Recommendation**

In his Report and Recommendation filed on May 22, 2008, the Magistrate Judge recommends that the defendants' motion for summary judgment be granted. The plaintiff filed objections to the Report on June 5, 2008. Defendants filed a Response to the Objections on June 19, 2008.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted, I find that there are no genuine issues of material fact precluding summary judgment.

### Plaintiff's Objections

**Prima Facie Case**

The Magistrate Judge found that Myers failed to show that he and James Van Dunn were similarly situated because Myers was charged with insubordination to his supervisor, in addition to violation of the work place violence policy and Dunn was charged only with workplace violence. In addition, he found that the disciplinary decisions were made by different decisionmakers and that at the time of Myers' termination the company had begun a "zero tolerance" policy against any work place violence. Finally, he concluded that the discipline of Myers involved different circumstances.

Plaintiff first contends that the Magistrate Judge erroneously recommended a finding that he has not established his *prima facie* case because he has not shown that the plaintiff and the comparator, Dunn, were similarly situated. In this regard, Plaintiff contends that the magistrate judge improperly focused on the relative offenses with which the comparators were charged rather than on the seriousness of the overall misconduct, citing *Moore v. City of Charlotte*, 754 F.2d 1100 (4th Cir. 1985) and *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273 (1976). He also contends that Karen Van Curen, the Human Relations official, was the decision maker regarding the appropriate discipline for Dunn (the alleged comparator) and also for the plaintiff. Finally, he contends that the Magistrate Judge failed to note that the alleged change in interpretation of the workplace violence policy was not communicated to the employees. The defendant responds that the plaintiff has failed to create a genuine issue of material fact as to the elements of the *prima facie* case. Defendant cites *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124 (4th Cir. 2002) for the

proposition that a plaintiff cannot establish disparate treatment absent evidence that the comparators were engaged in the same type of misconduct.

In *Moore*, the plaintiff claimed that he was discriminated against on the basis of his race in connection with a disciplinary decision by his employer. The Fourth Circuit noted that "the most important variables in the disciplinary context, and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishments imposed." *Id*.   The court cited *McDonald* in noting that "precise equivalence in culpability between employees is not the ultimate question: as we indicated in *McDonnell Douglas*, an allegation that other 'employees involved in acts against [the employer] of *comparable seriousness* . . . is adequate to plead an inferential case. . . This mandate set for lower federal courts the difficult, but not unfamiliar, task of assessing the gravity of offenses on a relative scale. . . As in other contexts, the 'comparison can be made in light of the harm caused or threatened to the victim or society, and culpability of the offender."*Id*. at 1107. *See also,Bryant*, 288 F.3d at 133 ("To establish a *prima facie* case of racial discrimination in the enforcement of employee disciplinary measures under Title VII, (the plaintiff) must show that: (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances.") The Court agrees with the analysis by the Magistrate Judge that Plaintiff has not established a *prima facie* case that Dunn is a valid comparator, for the reasons stated.  However, even if the court were to find that a *prima facie* case was established, Plaintiff has failed to show that the employer's articulated reasons for the discharge were pretextual.

**Pretext**

Plaintiff's arguments regarding pretext center on his claim that the HR official,Van Curen

admitted that the supervisor, Jones, would have been motivated to make false accusations against the plaintiff in order to protect himself.  Plaintiff also contends that a jury should be allowed to consider the reasonableness of the plant manager's decision to believe the supervisor (Jones) where another employee witness "confirmed that it was Jones who escalated the situation such that he lost control and struck the Plaintiff." (Objections, p. 15).

The plaintiff appears to be attempting to attack the results of the defendants' investigation of the matter rather than pointing to evidence of discriminatory motive.  In the case at bar, not only the supervisor but also the plaintiff would have been motivated to report the events that occurred in a manner favorable to them.  Therefore, it was reasonable for the employer to take statements from the two other employee witnesses, Dannie Dukes and Bart Roberts.  Plaintiff contends that Dukes states that Jones became loud first and "was striving to convince his supervisor to speak to him in a civil manner." (Objections, p. 16).  However, a review of the Dukes statement reveals that he heard the two talking and Plaintiff was responding "yeah, yeah, yeah".  As they walked, they both became loud.  Dukes did not see either employee touch the other.  He did note that he had seen the two "yelling at each other just as bad as they did today.  This is not a first time thing." (Docket Entry #30-7). The other employee, Bart Roberts, a new hire who did not know the names of the two employees, stated that they "continued to exchange heated words.  They were in each others face. They were chest to chest as they yelled at each other.  They were both yelling." He also indicated that "the guy in the white shirt (Jones) pushed the guy in the gray shirt (Myers) away.  He pushed him enough that he went back 2-3 feet. . . He pushed the guy in the gray shirt enough to create space.  He did not push him enough to make him fall.  They were both in the personal space of the other." (Docket Entry #30-7).  As a result of its investigation, the defendant terminated the employment of **both** Jones and Myers for violation of company policy.

The plaintiff has presented no evidence that the defendant did not honestly believe that the plaintiff engaged in conduct in violation of the Workplace Violence Policy and the Code of Conduct. In addition, the plaintiff admitted that he had no reason to doubt the company's belief that he violated its policy. "It is the perception of the decisionmaker which is relevant." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 217 (4th Cir. 2007). "Whether (Plaintiff) actually (made these threats) is irrelevant in this context because it is uncontested that the decisionmaker believed that he did. Title VII endeavors to eliminate workplace discrimination, but the statute was not designed to strip employers of discretion when making legitimate, necessary personnel decisions, such as the decision to terminate an employee when an investigation determines that employee made physical threats against a supervisor. " *Holland*, 487 F.3d at 220." "In short, on the evidence in the record, no reasonable juror could conclude that (defendant's) 'proffered explanation is unworthy of credence.' Beyond that, (plaintiff) has failed to put forth sufficient evidence showing that discrimination was the real reason behind (defendant's) decision." *Id*. at 218, *citing Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

In the case at bar, likewise, a reasonable fact finder could not infer that the employer's reasons lacked credence or that its actions were motivated by racial animus.

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, and **GRANTS** the defendants' [30] motion for summary judgment.

**AND IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Court Judge

September 4, 2008
Florence, South Carolina